**CAUSE NO. 332-20**

| | | |
|---|---|---|
| **KEVIN CAMERON AND** | § | **IN THE DISTRICT COURT** |
| **KRISTEENA AUSTIN** | § | |
| | § | |
| | § | |
| **VS.** | § | **115TH JUDICIAL DISTRICT** |
| | § | |
| | § | |
| **KEL LOGISTICS INC.,** | § | |
| **JOHN AND ROSE, LLC,** | § | |
| **FIRST CLASS TRANSPORTATION, INC.,** | § | |
| **C. H. ROBINSON WORLDWIDE, INC.,** | § | |
| **C. H. ROBINSON COMPANY, INC.,** | § | |
| **C. H. ROBINSON COMPANY INC d/b/a** | § | |
| **C. H. ROBINSON WORLDWIDE INC.,** | § | |
| **AND JOHN SMITH GEDE** | § | **UPSHUR COUNTY, TEXAS** |

## PLAINTIFFS' FIRST AMENDED ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME **KEVIN CAMERON** and **KRISTEENA AUSTIN** (hereinafter called "Plaintiffs"), complaining of **KEL LOGISTICS INC., JOHN AND ROSE, LLC, FIRST CLASS TRANSPORTATION, INC., C. H. ROBINSON WORLDWIDE, INC., C. H. ROBINSON COMPANY, INC., C. H. ROBINSON COMPANY INC d/b/a C. H. ROBINSON WORLDWIDE INC., and JOHN SMITH GEDE** (hereinafter called "Defendants") and for cause of action would respectfully show unto the Court and jury the following, to- wit:

## I. PARTIES

1.    Plaintiff, KEVIN CAMERON, is a citizen of the State of Texas, whose address is 1714 Envy Lane Longview, Texas 75604.

2.    In accordance with CPRC 30.014, Plaintiff, KEVIN CAMERON, has been issued a driver's

---

license. Without regard to when said license was issued, whether it is still in effect, or where it was issued (none of which are required by CPRC 30.014), the last three (3) numbers (although without regard to the sequence as they appear on the license, which is likewise not required by CPRC 30.014) are 993.

3.      Further, Plaintiff, KEVIN CAMERON, has been issued a social security number. Without regard to when said social security number was issued, whether it is still in effect, or where it was issued (none of which are required by CPRC 30.014) the last three (3) numbers (although without regard to the sequence as they appear, which is likewise not required by CPRC 30.014) are 230.

4.       Plaintiff, KRISTEENA AUSTIN, is a citizen of the State of Texas, whose address is 1714 Envy Lane Longview, Texas 75604.

5.       In accordance with CPRC 30.014, Plaintiff, KRISTEENA AUSTIN, has been issued a driver's license. Without regard to when said license was issued, whether it is still in effect, or where it was issued (none of which are required by CPRC 30.014), the last three (3) numbers (although without regard to the sequence as they appear on the license, which is likewise not required by CPRC 30.014) are 297.

6.      Further, Plaintiff, KRISTEENA AUSTIN, has been issued a social security number. Without regard to when said social security number was issued, whether it is still in effect, or where it was issued (none of which are required by CPR 30.014) the last three (3) numbers (although without regard to the sequence as they appear, which is likewise not required by CPRC 30.014) are 849.

7.      Defendant, KEL LOGISTICS INC., has entered a general appearance, is before the Court,

and may be served through its counsel of record.

8.     Defendant, JOHN AND ROSE, LLC, is a limited liability company organized under the laws of the State of Missouri, engages in business in the State of Texas, and may be served with process by serving its Member, Manager and/or owner, JOHN SMITH GEDE, at 3950 Pebble Brook Cir. S., Orange Park, Florida 32065.

9.     Defendant, FIRST CLASS TRANSPORTATION, INC. is a corporation organized under the laws of the State of Illinois, engages in business in the State of Texas, and may be served with process by serving its President, Andrius Stancikas, at 17028 Westwood Drive, Orland Hills, Illinois 60487. Defendant may also be served by serving its President, Andrius Stancikas, at 13440 E. Red Coat Dr., Lemont, Illinois 60439.

10.     Defendant, C. H. ROBINSON WORLDWIDE, INC., is a corporation organized under the laws of the State of Delaware, engages in business in the State of Texas, and may be served with process by serving its President, Robert C. Biesterfeld, Jr., at 14701 Charlson Road, Suite 1200, Eden Prairie, Minnesota 55347.

11.      Defendant, C. H. ROBINSON COMPANY, INC., is a corporation organized under the laws of the State of Delaware, engages in business in the State of Texas, and may be served with process by serving its President, Robert Biesterfeld, Jr., at 14701 Charlson Road, Suite 1200, Eden Prairie, Minnesota 55347.

12.     Defendant, C. H. ROBINSON COMPANY INC d/b/a C. H. ROBINSON WORLDWIDE INC., is a corporation organized under the laws of the State of Delaware, engages in business in the State of Texas, and may be served with process by serving its President, Robert Biesterfeld, Jr., at 14701 Charlson Road, Suite 1200, Eden Prairie, Minnesota 55347.

13.     Defendant, JOHN SMITH GEDE, resides at 3950 Pebble Brook Cir. S., Orange Park, Florida 32065, and may be served with process at this address or wherever he may be found.

## II.
## CASE LEVEL ASSIGNMENT

14.      Plaintiff would show discovery in this cause should be conducted pursuant to Level 3 of the Discovery Control Plan, as set forth in Rule 190 of the Texas Rules of Civil Procedure, in that Plaintiff affirmatively pleads that they seek monetary relief aggregating $50,000.00 or more, excluding costs, pre-judgment interest and attorneys' fees.

## III.
## JURISDICTION AND VENUE

15.      Venue is proper in Upshur County, Texas pursuant to §§15.002(a)(1) because all or a substantial part of the events giving rise to this lawsuit occurred in Upshur County, Texas.

## IV.
## STATUTE OF LIMITATIONS

16.     Plaintiff alleges this lawsuit has been filed within the time period of the appropriate statute of limitations from the date of the occurrence. In the alternative, Plaintiffs allege the statute of limitations is tolled because this lawsuit has been filed within two (2) years of the date Plaintiff knew or should have known of the existence of a cause of action, or any delay is the result of direct threats or fraud on the part of the Defendants.

## V.
## FACTS AND CAUSES OF ACTION

17.      On June 26, 2019, Plaintiff, KEVIN CAMERON, was performing his job duties at Coil Specialist, Inc. located at 204 Dean Street, Gilmer, Texas, 75644. Plaintiff's job duties at this time consisted of loading equipment and products onto an 18-wheeler that was owned and/or leased by

the Defendants, KEL LOGISTICS INC., JOHN AND ROSE, LLC, FIRST CLASS TRANSPORTATION, INC., C H. ROBINSON WORLDWIDE, INC., C. H. ROBINSON COMPANY, INC. and/or C. H. ROBINSON COMPANY INC d/b/a C. H. ROBINSON WORLDWIDE INC. The 18-wheeler in question was being operated by Defendant, JOHN SMITH GEDE, an employee of Defendants, KEL LOGISTICS INC., JOHN AND ROSE, LLC, FIRST CLASS TRANSPORTATION, INC., C H. ROBINSON WORLDWIDE, INC., C. H. ROBINSON COMPANY, INC. and/or C. H. ROBINSON COMPANY INC d/b/a C. H. ROBINSON WORLDWIDE INC., at the time of the accident made the basis of this lawsuit. Plaintiff, KEVIN CAMERON, was conducting his job duties in a safe and prudent manner. While Plaintiff, KEVIN CAMERON, was still loading equipment and product in Defendants KEL LOGISTICS INC.'s, JOHN AND ROSE, LLC's, FIRST CLASS TRANSPORTATION, INC.'s, C H. ROBINSON WORLDWIDE, INC.'s, C. H. ROBINSON COMPANY, INC.'s and/or C. H. ROBINSON COMPANY INC d/b/a C. H. ROBINSON WORLDWIDE INC.'s vehicle, suddenly and without warning to Plaintiff, KEVIN CAMERON, Defendant, JOHN SMITH GEDE, began driving the 18-wheeler forward, throwing Plaintiff, KEVIN CAMERON, off the back of the 18-wheeler and onto the cement ground. Defendant, JOHN SMITH GEDE, was operating a commercial motor vehicle owned and/or leased by Defendants, KEL LOGISTICS INC., JOHN AND ROSE, LLC, FIRST CLASS TRANSPORTATION, INC., C H. ROBINSON WORLDWIDE, INC., C. H. ROBINSON COMPANY, INC. and/or C. H. ROBINSON COMPANY INC d/b/a C. H. ROBINSON WORLDWIDE INC. Defendant, JOHN SMITH GEDE, failed to operate the 18-wheeler in a safe and prudent manner, which caused the accident in question resulting in Plaintiff's injuries which are severe, permanent, and disabling.

---

18.     Plaintiffs would further show that at the time of the accident made the basis of this lawsuit and all times material hereto, D e f e n d a n t , JOHN SMITH GEDE, was an employee working for Defendants, KEL LOGISTICS INC., JOHN AND ROSE, LLC, FIRST CLASS TRANSPORTATION, INC., C H. ROBINSON WORLDWIDE, INC., C. H. ROBINSON COMPANY, INC. and/or C. H. ROBINSON COMPANY INC d/b/a C. H. ROBINSON WORLDWIDE INC.

19.     Further, at the time o f the accident made the basis of this lawsuit and at all times material hereto, Defendant, JOHN SMITH GEDE, was an employee of Defendants, KEL LOGISTICS INC., JOHN AND ROSE, LLC, FIRST CLASS TRANSPORTATION, INC., C H. ROBINSON WORLDWIDE, INC., C. H. ROBINSON COMPANY, INC. and/or C. H. ROBINSON COMPANY INC d/b/a C. H. ROBINSON WORLDWIDE INC., and was operating a commercial motor vehicle on behalf of Defendants, KEL LOGISTICS INC., JOHN AND ROSE, LLC, FIRST CLASS TRANSPORTATION, INC., C H. ROBINSON WORLDWIDE, INC., C. H. ROBINSON COMPANY, INC. and/or C. H. ROBINSON COMPANY INC d/b/a C. H. ROBINSON WORLDWIDE INC., under and by the authority of Defendants, KEL LOGISTICS INC., JOHN AND ROSE, LLC, FIRST CLASS TRANSPORTATION, INC., C H. ROBINSON WORLDWIDE, INC., C. H. ROBINSON COMPANY, INC. and/or C. H. ROBINSON COMPANY INC d/b/a C. H. ROBINSON WORLDWIDE INC., pursuant to Defendants KEL LOGISTICS INC.'s, JOHN AND ROSE, LLC's, FIRST CLASS TRANSPORTATION, INC.'s, C H. ROBINSON WORLDWIDE, INC.'s C. H. ROBINSON COMPANY, INC.'s and/or C. H. ROBINSON COMPANY INC d/b/a C. H. ROBINSON WORLDWIDE INC.'s Federal DOT number at the time of the accident made the basis of this lawsuit occurred.

20.     At all times relevant to this lawsuit, Defendant, JOHN SMITH GEDE, was operating a "commercial motor vehicle" in "interstate commerce", as per 49 C.F.R. parts 383, 387, and 390-399.

21.     At all times relevant to this lawsuit, Defendants, KEL LOGISTICS INC., JOHN AND ROSE, LLC, FIRST CLASS TRANSPORTATION, INC., C H. ROBINSON WORLDWIDE, INC., C. H. ROBINSON COMPANY, INC. and/or C. H. ROBINSON COMPANY INC d/b/a C. H. ROBINSON WORLDWIDE INC., were each a "motor carrier" as per 49 C.F.R. parts 383, 387, and 390-399.

22.     At all times relevant to this lawsuit, Defendants, KEL LOGISTICS INC., JOHN AND ROSE, LLC, FIRST CLASS TRANSPORTATION, INC., C H. ROBINSON WORLDWIDE, INC., C. H. ROBINSON COMPANY, INC. and/or C. H. ROBINSON COMPANY INC d/b/a C. H. ROBINSON WORLDWIDE INC., were each a "motor carrier" as defined by 49 U.S.C. §13102(14).

23.     At all times relevant to this lawsuit, Defendants, KEL LOGISTICS INC., JOHN AND ROSE, LLC, FIRST CLASS TRANSPORTATION, INC., C H. ROBINSON WORLDWIDE, INC., C. H. ROBINSON COMPANY, INC. and/or C. H. ROBINSON COMPANY INC d/b/a C. H. ROBINSON WORLDWIDE INC., were each an "employer" as defined by 49 C.F.R. §390.5.

24.     At all times relevant to this lawsuit, Defendant, JOHN SMITH GEDE, was an "employee" of Defendants, KEL LOGISTICS INC., JOHN AND ROSE, LLC, FIRST CLASS TRANSPORTATION, INC., C H. ROBINSON WORLDWIDE, INC., C. H. ROBINSON COMPANY, INC. and/or C. H. ROBINSON COMPANY INC d/b/a C. H. ROBINSON WORLDWIDE INC., as per 49 C.F.R. §390.5.

25.     At all times relevant to this lawsuit, Defendant, JOHN SMITH GEDE, was an "employee" of Defendants, KEL LOGISTICS INC., JOHN AND ROSE, LLC, FIRST CLASS TRANSPORTATION, INC., C H. ROBINSON WORLDWIDE, INC., C. H. ROBINSON COMPANY, INC. and/or C. H. ROBINSON COMPANY INC d/b/a C. H. ROBINSON WORLDWIDE INC., as per 49 C.F.R. Sec. 390.5.

26.     Further, at the time of the accident made the basis of this lawsuit and at all times material hereto, Defendant, JOHN SMITH GEDE, was an employee of Defendants, KEL LOGISTICS INC., JOHN AND ROSE, LLC, FIRST CLASS TRANSPORTATION, INC., C H. ROBINSON WORLDWIDE, INC., C. H. ROBINSON COMPANY, INC. and/or C. H. ROBINSON COMPANY INC d/b/a C. H. ROBINSON WORLDWIDE INC., and operating a commercial motor vehicle on behalf of Defendants, KEL LOGISTICS INC., JOHN AND ROSE, LLC, FIRST CLASS TRANSPORTATION, INC., C H. ROBINSON WORLDWIDE, INC., C. H. ROBINSON COMPANY, INC. and/or C. H. ROBINSON COMPANY INC d/b/a C. H. ROBINSON WORLDWIDE INC., under and by the authority of Defendants, KEL LOGISTICS INC., JOHN AND ROSE, LLC, FIRST CLASS TRANSPORTATION, INC., C H. ROBINSON WORLDWIDE, INC., C. H. ROBINSON COMPANY, INC. and/or C. H. ROBINSON COMPANY INC d/b/a C. H. ROBINSON WORLDWIDE INC., pursuant to Defendants KEL LOGISTICS INC.'s, JOHN AND ROSE, LLC's, FIRST CLASS TRANSPORTATION, INC.'s, C H. ROBINSON WORLDWIDE, INC.'s C. H. ROBINSON COMPANY, INC.'s and/or C. H. ROBINSON COMPANY INC d/b/a C. H. ROBINSON WORLDWIDE INC.'s Federal DOT number.

## VI.

27.    Plaintiffs allege that Defendant, JOHN SMITH GEDE, while in the course and scope of employment with KEL LOGISTICS INC., JOHN AND ROSE, LLC, FIRST CLASS TRANSPORTATION, INC., C H. ROBINSON WORLDWIDE, INC., C. H. ROBINSON COMPANY, INC. and/or C. H. ROBINSON COMPANY INC d/b/a C. H. ROBINSON WORLDWIDE INC., was negligent in the following ways, and such negligence was a proximate cause of the incident and injuries in question. Plaintiffs' resulting injuries and damages were proximately caused by one or more of the following acts of negligence on the part of the Defendant, JOHN SMITH GEDE:

a.    In operating a vehicle when unsafe to do so;

b.    In driving a vehicle when unsafe to do so;

c.    In failing to insure it was safe to operate his vehicle before doing so as would have been made by a person exercising ordinary care and prudence under the same or similar circumstances;

d.    In failing to check to make sure there were no persons in or around his vehicle as would have been done by a person exercising ordinary care and prudence under the same or similar circumstances before operating it;

e.    In failing to keep such a lookout as would have been kept by a person exercising ordinary care and prudence under the same or similar circumstances.

f.     In traveling at an excessive rate of speed;

g.    In failing to perform a proper and prudent pre-trip check to determine whether anyone was still working in his vehicle;

h.    In failing to control the vehicle as would have been done by a person exercising ordinary care and prudence under the same or similar circumstances;

i.     In failing to control the speed of Defendants' vehicle.

j.     Defendant was negligent in other respects.

Each of the foregoing acts of negligence was the proximate cause of the collision in question and the injuries and damages of Plaintiffs.

28.  Plaintiffs allege Defendant, JOHN SMITH GEDE, was negligent and also violated statutory law and regulations and gives rise to negligence per se, which was a proximate cause of the incident and injuries in question in one or more of the following ways[1]:

a.  Violating Texas Transportation Code Sec. 545.351(a) which provides "an operator may not drive at a speed greater than is reasonable and prudent under the circumstances existing," which constituted negligence; and

b.  Violating Texas Transportation Code Sec. 545.351(b), which provides, "an operator may not drive a vehicle at a speed that is greater than is reasonable and prudent under the conditions and having regard to actual and potential hazards then existing, and shall control the speed of the vehicle as necessary to avoid colliding with another person or vehicle that is on or entering the highway in compliance with the law and the duty of each person to use due care," which constituted negligence.

Defendant JOHN SMITH GEDE's conduct violated Texas Transportation Code Section 545.351 by operating his motor vehicle at a speed greater than was reasonable and prudent under the circumstances then existing. Section 545.351 of the Texas Transportation Code was designed to protect persons from motor vehicle operators operating a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard to actual and potential hazards then existing.  Plaintiffs are within the class of persons the statute was designed to protect.

Each of the foregoing acts of negligence was the proximate cause of the collision in question and the injuries and damages of Plaintiffs.

---

[1] Plaintiffs assert that in the event any of these allegations and statutes pled do not constitute negligence *per se* under Texas law, said statutes are being pled for the purpose of setting out the standard of care to which Defendants at all times material hereto, were required to adhere, and a violation of same would have constituted negligence under common law.

## VII.

29.     Plaintiffs would further show that at the time the accident made the basis of this lawsuit occurred, Defendant, JOHN SMITH GEDE, was an employee of Defendants, KEL LOGISTICS INC., JOHN AND ROSE, LLC, FIRST CLASS TRANSPORTATION, INC., C H. ROBINSON WORLDWIDE, INC., C. H. ROBINSON COMPANY, INC. and/or C. H. ROBINSON COMPANY INC d/b/a C. H. ROBINSON WORLDWIDE INC., and acting within the course and scope of his employment for Defendants, KEL LOGISTICS INC., JOHN AND ROSE, LLC, FIRST CLASS TRANSPORTATION, INC., C H. ROBINSON WORLDWIDE, INC., C. H. ROBINSON COMPANY, INC. and/or C. H. ROBINSON COMPANY INC d/b/a C. H. ROBINSON WORLDWIDE INC., and in the furtherance of the business interests and pursuits of said Defendants. In this regard, Plaintiffs hereby invoke the doctrine of *respondeat superior* and therefore allege and contend that each negligent act and/or omission on the part of Defendant, JOHN SMITH GEDE, is imputed to Defendants, KEL LOGISTICS INC., JOHN AND ROSE, LLC, FIRST CLASS TRANSPORTATION, INC., C H. ROBINSON WORLDWIDE, INC., C. H. ROBINSON COMPANY, INC. and/or C. H. ROBINSON COMPANY INC d/b/a C. H. ROBINSON WORLDWIDE INC., and they are vicariously liable for all negligent and grossly negligent acts and/or omissions alleged herein to have been perpetrated by their employee driver, Defendant, JOHN SMITH GEDE.

30.     Plaintiffs would further show that at the time the accident made the basis of this lawsuit occurred, Defendant, JOHN SMITH GEDE, was and is considered a statutory employee of Defendants, KEL LOGISTICS INC., JOHN AND ROSE, LLC, FIRST CLASS

TRANSPORTATION, INC., C H. ROBINSON WORLDWIDE, INC., C. H. ROBINSON COMPANY, INC. and/or C. H. ROBINSON COMPANY INC d/b/a C. H. ROBINSON WORLDWIDE INC., pursuant to Title 49 14102 of the United States Code. In this regard, Plaintiffs invoke Title 49 14102 of the United States Code and/or its statutory state counterpart and contends that Defendants, KEL LOGISTICS INC., JOHN AND ROSE, LLC, FIRST CLASS TRANSPORTATION, INC., C H. ROBINSON WORLDWIDE, INC., C. H. ROBINSON COMPANY, INC. and/or C. H. ROBINSON COMPANY INC d/b/a C. H. ROBINSON WORLDWIDE INC., are vicariously liable for all negligent and grossly negligent acts and/or omissions of its employee driver, Defendant, JOHN SMITH GEDE.

31.     Further, Defendants, KEL LOGISTICS INC., JOHN AND ROSE, LLC, FIRST CLASS TRANSPORTATION, INC., C. H. ROBINSON WORLDWIDE, INC., C. H. ROBINSON COMPANY, INC. and/or C. H. ROBINSON COMPANY INC d/b/a C. H. ROBINSON WORLDWIDE INC., are liable for the damages proximately caused to Plaintiffs by the conduct of Defendant, JOHN SMITH GEDE, in that Defendants, KEL LOGISTICS INC., JOHN AND ROSE, LLC, FIRST CLASS TRANSPORTATION, INC., C H. ROBINSON WORLDWIDE, INC., C. H. ROBINSON COMPANY, INC. and/or C. H. ROBINSON COMPANY INC d/b/a C. H. ROBINSON WORLDWIDE INC., were the employer of Defendant, JOHN SMITH GEDE, on the date that Defendant, JOHN SMITH GEDE, negligently injured Plaintiffs, as alleged above, and Defendant, JOHN SMITH GEDE, was acting within the course and scope of that employment when that injury occurred or Defendants, KEL LOGISTICS INC., JOHN AND ROSE, LLC, FIRST CLASS TRANSPORTATION, INC., C H. ROBINSON WORLDWIDE, INC., C. H. ROBINSON COMPANY, INC. and/or C. H. ROBINSON COMPANY INC d/b/a C. H.

ROBINSON WORLDWIDE INC., had the right to control the activities of Defendant, JOHN SMITH GEDE.

## VIII.

32.    Plaintiffs would further show that prior to the time of the occurrence made the basis of this lawsuit, Defendants, KEL LOGISTICS INC., JOHN AND ROSE, LLC, FIRST CLASS TRANSPORTATION, INC., C H. ROBINSON WORLDWIDE, INC., C. H. ROBINSON COMPANY, INC. and/or C. H. ROBINSON COMPANY INC d/b/a C. H. ROBINSON WORLDWIDE INC., were the owner and were in possession, custody and control of the vehicle ultimately driven by JOHN SMITH GEDE on the date of the incident made the basis of this lawsuit. On June 26, 2019, Defendants, KEL LOGISTICS INC., JOHN AND ROSE, LLC, FIRST CLASS TRANSPORTATION, INC., C H. ROBINSON WORLDWIDE, INC., C. H. ROBINSON COMPANY, INC. and/or C. H. ROBINSON COMPANY INC d/b/a C. H. ROBINSON WORLDWIDE INC., directed JOHN SMITH GEDE to use the motor vehicle in question for the purpose of operating it on the public streets and highways of Texas and, therefore, JOHN SMITH GEDE, operated said vehicle with the knowledge, consent and permission of Defendants, KEL LOGISTICS INC., JOHN AND ROSE, LLC, FIRST CLASS TRANSPORTATION, INC., C H. ROBINSON WORLDWIDE, INC., C. H. ROBINSON COMPANY, INC. and/or C. H. ROBINSON COMPANY INC d/b/a C. H. ROBINSON WORLDWIDE INC.

## IX.

33.    Plaintiffs would further show that Defendants, KEL LOGISTICS INC., JOHN AND ROSE, LLC, FIRST CLASS TRANSPORTATION, INC., C H. ROBINSON WORLDWIDE, INC., C. H. ROBINSON COMPANY, INC. and/or C. H. ROBINSON COMPANY INC d/b/a C.

H. ROBINSON WORLDWIDE INC., were the owner and/or lessee of the vehicle that was being driven by Defendant, JOHN SMITH GEDE, at the time of the occurrence made the basis of this lawsuit. Plaintiffs would also show that Defendants, KEL LOGISTICS INC., JOHN AND ROSE, LLC, FIRST CLASS TRANSPORTATION, INC., C H. ROBINSON WORLDWIDE, INC., C. H. ROBINSON COMPANY, INC. and/or C. H. ROBINSON COMPANY INC d/b/a C. H. ROBINSON WORLDWIDE INC., were negligent and grossly negligent in entrusting the commercial motor vehicle to JOHN SMITH GEDE who was a careless, incompetent and reckless driver. Defendants, KEL LOGISTICS INC., JOHN AND ROSE, LLC, FIRST CLASS TRANSPORTATION, INC., C H. ROBINSON WORLDWIDE, INC., C. H. ROBINSON COMPANY, INC. and/or C. H. ROBINSON COMPANY INC d/b/a C. H. ROBINSON WORLDWIDE INC., knew or should have known that Defendant, JOHN SMITH GEDE, was a careless, incompetent and reckless driver. Plaintiffs would further show that Defendants, KEL LOGISTICS INC., JOHN AND ROSE, LLC, FIRST CLASS TRANSPORTATION, INC., C H. ROBINSON WORLDWIDE, INC., C. H. ROBINSON COMPANY, INC. and/or C. H. ROBINSON COMPANY INC d/b/a C. H. ROBINSON WORLDWIDE INC., were negligent and grossly negligent in entrusting the vehicle to its employee, Defendant, JOHN SMITH GEDE, and Defendants, KEL LOGISTICS INC., JOHN AND ROSE, LLC, FIRST CLASS TRANSPORTATION, INC., C H. ROBINSON WORLDWIDE, INC., C. H. ROBINSON COMPANY, INC. and/or C. H. ROBINSON COMPANY INC d/b/a C. H. ROBINSON WORLDWIDE INC., knew or should have known that Defendant, JOHN SMITH GEDE, was a negligent and reckless driver, which in turn was a proximate cause of the collision and the occurrence made the basis of this lawsuit and the resulting injuries and damages to Plaintiffs set

out below.

34.     Further JOHN SMITH GEDE's negligent acts and/or omissions were a primary and direct cause of the wreck. Defendants, KEL LOGISTICS INC., JOHN AND ROSE, LLC, FIRST CLASS TRANSPORTATION, INC., C H. ROBINSON WORLDWIDE, INC., C. H. ROBINSON COMPANY, INC. and/or C. H. ROBINSON COMPANY INC d/b/a C. H. ROBINSON WORLDWIDE INC., owed a duty of care, or alternatively, a high duty of care, to the motoring public, including Plaintiffs, to entrust their vehicles with the degree of care that a commercial motor carrier would use under the same or similar circumstances. Defendants KEL LOGISTICS INC.'s, JOHN AND ROSE, LLC's, FIRST CLASS TRANSPORTATION, INC.'s, C H. ROBINSON WORLDWIDE, INC.'s, C. H. ROBINSON COMPANY, INC.'s and/or C. H. ROBINSON COMPANY INC d/b/a C. H. ROBINSON WORLDWIDE INC.'s various incidents, accidents, and violations of the FMCSRs placed Defendants, KEL LOGISTICS INC., JOHN AND ROSE, LLC, FIRST CLASS TRANSPORTATION, INC., C H. ROBINSON WORLDWIDE, INC., C. H. ROBINSON COMPANY, INC. and/or C. H. ROBINSON COMPANY INC d/b/a C. H. ROBINSON WORLDWIDE INC., on actual notice (or it reasonably should have known) that Defendant, JOHN SMITH GEDE, was an unsafe, careless, reckless, and incompetent driver who was an accident waiting to happen. Defendant, JOHN SMITH GEDE, based on the evidence uncovered in this case had a history of unsafe acts and/or omissions that Defendants, KEL LOGISTICS INC., JOHN AND ROSE, LLC, FIRST CLASS TRANSPORTATION, INC., C H. ROBINSON WORLDWIDE, INC., C. H. ROBINSON COMPANY, INC. and/or C. H. ROBINSON COMPANY INC d/b/a C. H. ROBINSON WORLDWIDE INC., knew or should have known made Defendant, JOHN SMITH GEDE, a severe risk to himself and the motoring

public.   Defendants, KEL LOGISTICS INC., JOHN AND ROSE, LLC, FIRST CLASS TRANSPORTATION, INC., C H. ROBINSON WORLDWIDE, INC., C. H. ROBINSON COMPANY, INC. and/or C. H. ROBINSON COMPANY INC d/b/a C. H. ROBINSON WORLDWIDE INC., entrusted the 2015 White Volvo Tractor/Trailer rig that is the subject of this lawsuit to Defendant, JOHN SMITH GEDE. Defendant, JOHN SMITH GEDE was an incompetent, reckless, or careless driver and Defendants, KEL LOGISTICS INC., JOHN AND ROSE, LLC, FIRST CLASS TRANSPORTATION, INC., C H. ROBINSON WORLDWIDE, INC., C. H. ROBINSON COMPANY, INC. and/or C. H. ROBINSON COMPANY INC d/b/a C. H. ROBINSON WORLDWIDE INC., knew or should have known that Defendant, JOHN SMITH GEDE, was an incompetent, reckless or careless driver. Defendants, KEL LOGISTICS INC., JOHN AND ROSE, LLC, FIRST CLASS TRANSPORTATION, INC., C H. ROBINSON WORLDWIDE, INC., C. H. ROBINSON COMPANY, INC. and/or C. H. ROBINSON COMPANY INC d/b/a C. H. ROBINSON WORLDWIDE INC., were negligent per se by violating numerous federal and state statutes and regulations. Defendant JOHN SMITH GEDE's negligent acts and/or omissions on the occasion in question proximately caused injuries and damages to Plaintiffs as more fully set out below.  Defendants, KEL LOGISTICS INC., JOHN AND ROSE, LLC, FIRST CLASS TRANSPORTATION, INC., C H. ROBINSON WORLDWIDE, INC., C. H. ROBINSON COMPANY, INC. and/or C. H. ROBINSON COMPANY INC d/b/a C. H. ROBINSON WORLDWIDE INC., aided and abetted the unsafe and dangerous practices of Defendant, JOHN SMITH GEDE, which Defendant, JOHN SMITH GEDE, knew presented a severe risk of serious injury or death and which Defendants, KEL LOGISTICS INC., JOHN AND ROSE, LLC, FIRST CLASS TRANSPORTATION, INC., C H.

ROBINSON WORLDWIDE, INC., C. H. ROBINSON COMPANY, INC. and/or C. H. ROBINSON COMPANY INC d/b/a C. H. ROBINSON WORLDWIDE INC., also knew or should have known about. The conduct of Defendants both before and after the collision made the basis of this lawsuit evidences a clear pattern and practice of dangerous and unsafe conduct demonstrating they simply did not care. Each of these acts and/or omissions was a proximate cause of the injuries and damages as set out below.

## X.

35. Plaintiffs further allege that Defendants, KEL LOGISTICS INC., JOHN AND ROSE, LLC, FIRST CLASS TRANSPORTATION, INC., C H. ROBINSON WORLDWIDE, INC., C. H. ROBINSON COMPANY, INC. and/or C. H. ROBINSON COMPANY INC d/b/a C. H. ROBINSON WORLDWIDE INC., through their acts and/or omissions, were negligent and grossly negligent, and such negligence was a proximate cause of the occurrence in question and injuries and damages as set out below. Plaintiffs' resulting injuries and damages were proximately caused by one or more of the following acts of actual or gross negligence on the part of Defendants, KEL LOGISTICS INC., JOHN AND ROSE, LLC, FIRST CLASS TRANSPORTATION, INC., C H. ROBINSON WORLDWIDE, INC., C. H. ROBINSON COMPANY, INC. and/or C. H. ROBINSON COMPANY INC d/b/a C. H. ROBINSON WORLDWIDE INC.:

a. In hiring and/or retaining its employee driver Defendant, JOHN SMITH GEDE;

b. In hiring and continuing to retain an unsafe, unlicensed, incompetent and/or reckless driver when it knew and/or should have known that the subject driver was unsafe, unlicensed, incompetent and/or reckless;

c. In allowing Defendant, JOHN SMITH GEDE to drive the vehicle in question;

d. In entrusting the subject truck to an unlicensed, incompetent and/or reckless driver when it knew and/or should have known the driver of the subject truck was

unlicensed, incompetent, and/or reckless;

e.    In failing to train, instruct, supervise, monitor and control its employee driver, Defendant, JOHN SMITH GEDE;

f.    In failing to properly train the driver and his supervisors regarding the Federal Motor Carrier Safety Regulations;

g.    In failing to properly train the driver and his supervisors regarding industry safety practices applicable to motor carriers and commercial vehicle operators;

h.    In failing to enforce the DOT Compliance Manual, industry standards, and the Federal Motor Carrier Safety Regulations and the Texas Transportation  Code applicable to the operation in question;

i.    In failing to superintend, monitor and audit the performance of the operator and its supervisor given the habitual unsafe acts and practices that preceded and post-dated the wreck;

j.    In failing to issue any disciplinary action, including terminating the driver regarding the unsafe practices that Defendant, JOHN SMITH GEDE knew were unsafe;

k.    In failing to maintain the vehicle in a reasonably safe or prudent manner;

l.    In failing to comply with federal and state laws and regulations concerning drivers and the maintenance or repair of motor vehicles, including, but not limited to, 49 C.F.R. 300-399, Chapter 521.459 of Vernon's Texas Statutes and Codes Annotated, Transportation Code, and Vernon's Texas Statutes and Codes Annotated, Transportation Code Titles 1, 2, and 7; and

m.    Such other and further acts or omissions that give rise to gross neglect.

36.    Defendants or their agents undertook, either gratuitously or for their own benefit, obligations to hire, train, supervise, direct, instruct, and/or control the performance of workers and/or the operation of equipment or vehicles. Defendants knew or should have known that such hiring, training, supervision, direction, instruction, control, and/or operation was necessary for Plaintiffs' protection. Defendants failed to exercise reasonable care in performing those obligations. Plaintiffs or a third party relied on Defendants' performance, and Defendants'

performance increased Plaintiffs' risk of harm.

37.     Defendants committed willful acts or omissions of gross negligence, having actual knowledge of an extreme risk of harm and consciously disregarding that risk, that was a proximate cause of the injuries to Plaintiffs and the damages of Plaintiffs, and for which Plaintiffs are entitled to recover punitive damages, pursuant to Chapter 41 of the Texas Civil Practice and Remedies Code. Furthermore, Defendants authorized the doing and the manner of the acts or omissions, Defendants recklessly employed an unfit agent and/or employee, Defendants employed a vice-principal or one who was in a managerial capacity and was acting in the scope of employment when they committed the acts or omissions, and/or Defendants or a vice-principal or manager of Defendants ratified and/or approved the acts or omissions. In this regard, Plaintiffs therefore seek punitive and/or exemplary damages.

## XI.
## DAMAGES FOR PLAINTIFFS

38.     As a direct and proximate result of the occurrence made the basis of this lawsuit, and Defendants' acts as described herein, Plaintiff, KEVIN CAMERON, was caused to suffer and to endure anxiety, pain, and illness resulting in damages more fully set forth below.

39.     As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, KEVIN CAMERON, has incurred the following damages:

A.     Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident;

B.     Reasonable and necessary medical care and expenses which, in reasonable probability, will be incurred in the future;

C.     Physical pain and suffering in the past;

---

    D.    Physical pain and suffering which, in reasonable probability, will be suffered in the future;

    E.    Mental anguish in the past;

    F.    Mental anguish which, in reasonable probability, will be suffered in the future;

    G.    Physical impairment in the past;

    H.    Physical impairment which, in reasonable probability, will be suffered in the future;

    I.    Disfigurement in the past;

    J.    Disfigurement which, in reasonable probability, will be suffered in the future;

    K.    Loss of earnings in the past; and

    L.    Loss of earning capacity which, in reasonable probability, will be incurred in the future.

40. As a direct and proximate result of the occurrence made the basis of this lawsuit, and Defendants' acts as described herein, Plaintiff, KRISTEENA AUSTIN, was caused to suffer and to endure anxiety and losses resulting in damages more fully set forth below.

41. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, KRISTEENA AUSTIN, has incurred the following damages:

    A.    Loss of consortium in the past;

    B.    Loss of consortium which, in reasonable probability, will be suffered in the future;

    C.    Damage to the husband-wife relationship in the past:

    D.    Damage to the husband-wife relationship which, in reasonable probability, will be suffered in the future;

    E.    Loss of affection, solace, comfort, companionship, society, emotional support, love and felicity necessary to a successful marriage in the past;

    F.    Loss of affection, solace, comfort, companionship, society, emotional support, love

and felicity necessary to a successful marriage, which in reasonable probability, will be suffered in the future;

G.    Loss of assistance and household services in the past; and

H.    Loss of assistance and household services which, in reasonable probability, will be suffered in the future.

42.    Plaintiffs allege that the wreck and/or occurrence in question made the basis of this lawsuit, and Plaintiffs' injuries and resulting damages were proximately caused as a result of the wrongful conduct and negligent conduct of the Defendants as alleged and set forth herein.

43.    By reason of the above, Plaintiffs have suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.  In accordance with Texas Rule of Civil Procedure 47, Plaintiffs seek monetary relief over $1,000,000.00.

## XII.

44.    Plaintiffs would further show that they are entitled to recover interest for all elements of damages recovered for which the law provides, for pre-judgment interest beginning on either (1) the 180th day after the Defendants received written notice of claim, or (2) the day suit is filed, whichever is earlier, and ending on the day preceding the date judgment is rendered, at the pre-judgment interest rate governed by VTCA Finance Code 304.102, et seq. Plaintiffs are also entitled to recover post-judgment interest at the lawful rate.

## XIII.
## JURY DEMAND

45.    Plaintiffs request that a jury be convened to try the factual issues in this cause.

---

# XIV.
## RULE 193.7 NOTICE

46.     Pursuant to Texas Rule of Civil Procedure 193.7, Plaintiffs hereby give actual notice to Defendants that any and all documents produced may be used against Defendants at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs respectfully pray Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for Plaintiffs against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate; punitive damages; costs of court; and such other and further relief to which Plaintiffs may be entitled at law or in equity.

Respectfully submitted,
_s/ Jimmy M. Negem, Jr._____
Jimmy M. Negem
State Bar No. 14865500
Joe M. Worthington
State Bar No. 22009950
Jimmy M. Negem, Jr.
State Bar No. 24115371
Negem & Worthington
1828 ESE Loop 323, Suite R – 1A
Tyler, Texas 75701
903.595.4466 (telephone)
903.593.3266 (facsimile)
JMNegem@NegemLaw.com

**ATTORNEYS FOR PLAINTIFFS**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing Plaintiffs' First Amended Original Petition was forwarded to the following counsel of record this 21st day of June, 2021.

Benjamin T. Bonner
Boyd Boyd & Giddens
1215 Pruitt Place
Tyler, Texas 75703
*Attorneys for Defendant,*
*KEL LOGISTICS INC.*

_s/ Jimmy M. Negem, Jr._____
Jimmy M. Negem, Jr.